ELIZA W. OSBORNE ET AL.

v.

ORLANDO F. GIBBS ET AL.

*Insolvency—Authority of County Court to Authorize Sales—Adverse Claims—Option to Purchase Real Estate—Assignment of.*

1. The County Court can not be required to try and determine intricate and conflicting claims to property before authorizing the assignee of an insolvent to sell whatever interest the estate possesses therein.

2. What to order the assignee to dispose of is within the discretion of the County Court. In the case presented this discretion has not been abused, the orders in question being for the sale of an option to purchase certain real estate.

[Opinion filed September 18, 1888.]

In error to the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Messrs. J. L. High and J. W. Smith, for plaintiffs in error.

A voluntary assignment for the benefit of creditors is not a judicial sale or judicial transfer of property, but is purely the voluntary act of the debtor. The assignee is not a purchaser for value but a mere volunteer. The assignment conveys no other or larger interest than that of the assignor, and the property conveyed is subject to all limitations and restrictions existing against the assignor. Taylor, the assignee, could, therefore, acquire no interest in the leasehold, or in the option to purchase contained in the lease, without the written consent of the lessor. Burrill on Assignments, Secs. 2, 14; Ludington's Petition, 5 Abbott's N. C. 312; Manny v. Logan, 27 Mo. 528; Perry Insurance Company v. Foster, 58 Ala. 521; In re Fulton's Estate, 51 Pa. St. 211; Dia'n v. Mickel, 8 Iowa, 438; O'Hara v. Jones, 46 Ill. 288; Beck v. Parker, 65 Pa. St. 262; Dehner v. Helmbacher Forge and Rolling Mills, 7 Ill. App. 47.

The statute regulating assignments for the benefit of creditors does not affect the power of the debtor to assign, nor does it enlarge the estate or property interests conveyed to the assignee. The statute is merely declaratory of the common law, and provides a forum for administering the assets, and regulates the procedure. The assignee has no other or greater power of alienation than the debtor, and can sell no interest in either realty or personalty which the debtor himself could not have sold. Bishop on Insolvent Debtors, Sec. 130, and cases cited; Act Concerning Voluntary Assignments, R. S., Chap. 10a, Sec. 11; Eames v. Mayo, 6 Ill. App. 334; Thrasher v. Bentley, 1 Abbott's N. C. 39.

The option to purchase the premises in controversy contained in the lease is a right personal to the lessees, and does not extend to their assignees or representatives. It is purely a personal option or privilege conferred upon the lessees,

which can not be enlarged or alienated without the written consent of the lessor.

Mr. JAMES S. MURRAY, for defendant in error.

The option to purchase the premises was not controlled or limited by the provision requiring the assent of the lessor to the assignment of the lease, but passed to Taylor by virtue of the statute. Gorham v. Farson, 119 Ill. 427; Hunter v. Silvers, 15 Ill. 175; Perkins v. Hadsell, 50 Ill. 216; Stewart v. Metcalf, 68 Ill. 113; Green v. Low, 22 Beav. 625; Lord v. Stephens, 2 Y. & C. Ex. 222.

It was a proper exercise of the discretion of the court to refuse to allow the plaintiffs in error to intervene in the assignment proceeding. Thielman v. Burg, 73 Ill. 293; Boyle v. Levi, 73 Ill. 175; Jack v. Weiennitt, 115 Ill. 105.

*Per Curiam.* By this writ of error it is sought to reverse certain orders of the County Court of Cook County, authorizing the sale to Charles Dickinson, one of the defendants in error, of an option to purchase certain real estate in the city of Chicago. The option was given to Orlando F. and Oscar L. Gibbs, in a lease to them by David M. Osborne, dated May 30, 1884. The lessor died July 5, 1886, leaving the plaintiffs in error, his devisees, owners of the property, subject to the lease. About December 7, 1887, the lessees became insolvent, and executed an assignment for the benefit of their creditors to Joel V. Taylor, assignee, and at the time of the orders in question the estate was in process of settlement in the County Court.

The plaintiffs in error are not creditors of the insolvents nor have they any concern in the administration of the insolvent estate. They appeared in the County Court for no other purpose than to oppose the action of that court in its efforts to convert into money that which is, in good faith, represented to belong to the estate.

The reason assigned for the opposition is that the option was personal to the lessees, not susceptible of transfer, and therefore a sale by the assignee will create a cloud on the title

of the owners of the property. Without expressing any opinion on the assignability of the option, we see no reason to interfere with the action of the County Court. It is not a court of equity jurisdiction, where application may be made to remove clouds already created, much less those merely anticipated.

It can not be required to try and determine various and intricate conflicting claims to property, before authorizing the assignee to sell whatever interest the estate possesses. The adverse claimants are in no wise injured by such proceedings, as they have access to the appropriate tribunal for redress. Sec. 11 of Chap. 100 of the Revised Statutes can not be considered in the light of a prohibition which prevents a sale by the assignee of whatever interest the estate has, where such interest is uncertain, or may be, at the end of a tedious litigation, declared to have no foundation.

This would be entirely inconsistent with the spirit of the act which encourages quick settlement and distribution among the creditors. What the court will order the assignee to dispose of is within its discretion, which we think has not been abused in this case.

The orders of the County Court are affirmed.

*Orders affirmed.*